COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     In re TT-Fountains of Tomball, Ltd., incorrectly named as
                         MBS Fountains of Tomball, Ltd. d/b/a Fountains of Tomball,
                         and Henry S. Miller Realty Management, LLC, Relators

Appellate case number:   01-15-00817-CV

Trial court case number: 2014-00998

Trial court:             215th District Court of Harris County

On September 25, 2015, the relators, TT-Fountains of Tomball, Ltd., incorrectly named as MBS Fountains of Tomball, Ltd. d/b/a Fountains of Tomball, and Henry S. Miller Realty Management, LLC ("Relators"), filed a petition for a writ of mandamus seeking to vacate the respondent trial judge's September 15, 2015 order denying Relators' second amended motion to withdraw and amend deemed admissions in the underlying personal injury suit filed by the real party in interest. On September 25, 2015, Relators also filed a motion for temporary relief, seeking a stay of the current trial setting of February 8, 2016, pending resolution of this petition. Relators contend that a stay is necessary because, if mandamus relief is granted, they will need adequate time to amend their deemed admissions and prepare a viable defense before trial.

Relators' certificate of compliance indicates that counsel for the real party in interest has been contacted and is opposed to this motion for temporary relief. Also, Relators' mandamus record, filed with their petition on September 25, 2015, includes their prior motions to withdraw and amend deemed admissions, which attach their proposed amended responses to the requests for admissions. Thus, Relators' motion for temporary relief to stay a trial setting more than four months away from the date of their petition is **denied**. *See* TEX. R. APP. P. 52.10(a).

In addition, although Relators' petition refers to two hearings held by the trial court on their motions to withdraw and amend deemed admissions, their mandamus record neither attached transcripts nor stated in their petition's certification that a transcript had been ordered or that no relevant testimony was adduced at those two hearings. *See* TEX. R. APP. P. 52.3(j), (k)(1)(A), 52.7(a)(2). Thus, we **ORDER** Relators,

**within 10 days of the date of this order,** to file a statement that no relevant testimony was adduced in connection with the matter complained for their motions to withdraw and amend deemed admissions or else to provide evidence of requesting the reporter's records for those hearings and payment for, or arrangements to pay for, the reporter's fee to prepare the reporter's records, preferably on an expedited basis.  *See* TEX. R. APP. P. 52.7(a)(2), (b).

Further, the Court requests a response to the petition for writ of mandamus by the real party in interest, Laurie Mejia-Rosa.  *See* TEX. R. APP. P. 52.8(b)(1).  The response, if any, shall be filed **within 30 days from the date of this order**.  *See id.* 2, 52.4.


It is so ORDERED.


Judge's signature: /s/ <u>Laura Carter Higley</u>

☒  Acting individually     ☐  Acting for the Court

Date:  September 28, 2015

2